UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 15-78(2) (SRN)

        Plaintiff,

v.                                                           **ORDER**

Taleb Jamal Awad,

        Defendant.

---

Michael L. Cheever, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Taleb Jamal Awad, pro se.

---

This matter is before the Court on Defendant Taleb Jamal Awad's *pro se* motion requesting a sentence reduction pursuant to § 404(b) of the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194. [Docket No. 631]. Because FSA § 404 only applies to crimes involving statutory penalties for crack cocaine, and Awad was not convicted of a crime involving crack cocaine, and further, because Awad was sentenced after the Fair Sentencing Act of 2010 was in effect, Awad's motion is denied.

In May 2016, Awad pled guilty to conspiring to distribute controlled substance analogues, in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), 841(b)(1)(C), and 846. Change of Plea Hearing [Docket No. 316]. Awad was sentenced to 78 months' imprisonment and three years' supervised release in February 2017. Sentencing J. [Docket No. 464] at 2–3. Awad's anticipated release date is February 8, 2020.

On June 13, 2019, Awad filed a *pro se* motion for a sentence reduction, pursuant to FSA § 404(b). FSA § 404 became effective on December 21, 2018, and it permits courts to apply the

1

Fair Sentencing Act of 2010 retroactively in certain instances involving the statutory penalties for crack cocaine.

The Court construes Awad's motion liberally, as the defendant is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even when Awad's motion is liberally construed, he is not eligible for a sentence reduction under FSA § 404 because he was not convicted of a crime involving the statutory penalties for crack cocaine. Additionally, Awad was sentenced in 2017, after the Fair Sentencing Act of 2010 was in effect. Therefore, Awad's offense is not covered by FSA § 404 and the motion is denied to the extent it is based on that provision of the law.

Awad's motion may also be construed as a motion for a sentence reduction based on retroactive amendments to drug guidelines under 18 U.S.C. § 3582(c)(2) and Guideline § 1B1.10. However, Awad is not eligible for a sentence reduction because none of the drug guidelines have been reduced and made retroactive since Awad was sentenced. Therefore, Awad's motion is denied to the extent it is based on § 3582(c)(2).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Taleb Jamal Awad's Motion for Resentencing Pursuant to § 404(b) of the First Step Act of 2018 [Docket No. 631] is **DENIED.**

BY THE COURT:

s/Susan Richard Nelson
SUSAN RICHARD NELSON
U.S. DISTRICT JUDGE

Dated: July 15, 2019.